UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

PRESTON G. DEMOUCHETTE, JR.                          CIVIL ACTION

VERSUS                                               NO. 09-3005

BRIAN A. GILBERT, ATT. AT LAW                        SECTION "C"(3)


**REPORT AND RECOMMENDATION**

This matter was referred to a United States Magistrate Judge to conduct a hearing, including an evidentiary hearing, if necessary, and to submit proposed findings and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and (C), § 1915e(2), and § 1915A, and as applicable, 42 U.S.C. § 1997e(c)(1) and (2). Upon review of the entire record, the Court has determined that this matter can be disposed of without an evidentiary hearing.

**I.   FACTUAL SUMMARY**

The plaintiff, Preston G. Demouchette, Jr., is incarcerated in the Louisiana State Penitentiary in Angola, Louisiana. Demouchette filed this *pro se* and *in forma pauperis* complaint against the defendant, Brian A. Gilbert, for breach of contract and related tort damages.[1]

Demouchette alleges that he entered into a contract with Gilbert, an attorney, to represent him in a civil matter, In re Industrial Canal Breach, Civ. Action 05-4182 (E.D. La.), to recover

---

[1]Although the form used by Demouchette is similar to the form provided to state prisoners for filing suit pursuant to 42 U.S.C. §1983, he has not invoked that statutory provision. He instead indicates his suit to be "civil-tort" action. Rec. Doc. No. 1, p.1.

damages resulting from a canal breach during or after Hurricane Katrina. He attaches a solicitation letter and a purported Retainer Agreement received from Gilbert.[2] Demouchette alleges that Gilbert breached the contract by failing to fulfill the agreement. He also claims that Gilbert committed fraud and theft by fraud because he kept the money received from the suit. He also alleges that Gilbert's actions resulted in tort damages because he received money in the plaintiff's name from the litigation. Demouchette seeks compensatory damages of $1.4 million and punitive damages of $10 million.

## II.     STANDARDS OF REVIEW

Pursuant to 28 U.S.C. § 1915(e) and § 1915A, and with specific reference to prison conditions, 42 U.S.C. § 1997e(c), the Court is required to *sua sponte* dismiss cases filed by prisoners proceeding *in forma pauperis* upon a determination that they are frivolous. The Court has broad discretion in determining the frivolous nature of the complaint. See Cay v. Estelle, 789 F.2d 318 (5th Cir. 1986), modified on other grounds, Booker v. Koonce, 2 F.3d 114 (5th Cir. 1993). However, the Court may not *sua sponte* dismiss an action merely because of questionable legal theories or unlikely factual allegations in the complaint.

Under these provisions, a claim is frivolous only when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319 (1989); Talib v. Gilley, 138 F.3d 211, 213 (5th Cir. 1998). A claim lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist. Harper v. Showers, 174 F.3d 716, 718 (5th Cir. 1999). It lacks an arguable factual basis only if the facts

---

[2]The Court notes that the purported Retainer Agreement has a signature in the blank designated for Brian Gilbert. However, the signature on that document in no way resembles Gilbert's signature on the solicitation letter.

alleged are "clearly baseless," a category encompassing fanciful, fantastic, and delusional allegations. Denton v. Hernandez, 504 U.S. 25, 32-33 (1992); Neitzke, 490 U.S. at 327-28. Therefore, the Court must determine whether the plaintiff's claims are based on an indisputably meritless legal theory or clearly baseless factual allegations. Reeves v. Collins, 27 F.3d 174, 176 (5th Cir. 1994); see Jackson v. Vannoy, 49 F.3d 175, 176-77 (5th Cir. 1995); Moore v. Mabus, 976 F.2d 268, 269 (5th Cir. 1992).

### III. Analysis

Demouchette alleges that Gilbert has breached a retainer agreement which has caused him monetary damage. He has not, however, set forth a basis for federal jurisdiction arising from these allegations. The burden of establishing jurisdiction rests with the party who invokes federal jurisdiction. Coury v. Prot, 85 F.3d 244, 250 (5th Cir. 1996). Without a basis for jurisdiction, Demouchette's complaint must be dismissed as frivolous.

#### A. No Federal Question Jurisdiction

The district courts of the United States have original subject matter jurisdiction over all actions arising under the Constitution, laws or treaties of the United States. 28 U.S.C. § 1331. This jurisdiction includes actions to redress the deprivation, under color of any State law, statute, ordinance, regulation, custom or usage, of any right, privilege or immunity secured by the Constitution. 28 U.S.C. §§ 1331, 1343(a)(3).

Under a broad reading of Demouchette's complaint, and the documents attached thereto, the Court can find no basis for its jurisdiction.[3] Affording the pleading the most generous of construction, Demouchette alleges that Gilbert solicited him as a client for the canal breach litigation

---

[3]*Pro se* complaints are to be construed broadly in favor of that party. *U. S. v. Fuller*, 453 F.3d 274, 276 (5th Cir. 2006); *Oliver v. Scott*, 276 F.3d 736, 740 (5th Cir. 2002).

and he has not received any money from the litigation. Although he references "RICO" and the United States Code, or "USC," behind his allegations, he has not stated a statutory basis or any allegation which would invoke liability under a federal statute.

Thus, even under a broad reading, Demouchette has not alleged the violation of a constitutional right or other federal law by the named defendant. The defendant, also, is neither a federal nor a state actor who could be bound to act within the boundaries of the Constitution or any specific state or federal law.[4] Demouchette has not alleged a basis for federal subject matter jurisdiction as required by Fed. R. Civ. P. 8.

Furthermore, should a reviewing court consider Demouchette's reference to the RICO Act to be an attempt to state a basis for federal jurisdiction, the assertion is still frivolous and fails to state a claim. In order to state a claim under RICO, a plaintiff must allege, among other elements, the existence of an enterprise and an injury to a business or property. Brunig v. Clark, __F.3d___, 2009 WL 376907 (5th Cir. Feb. 17, 2009); Willis v .Stamps, 297 Fed. Appx. 381 (5th Cir. Oct. 23, 2008). Demouchette has not set forth any allegation that a legal enterprise existed, that an association-in-fact existed in which Gilbert was involved, or that he suffered any damage to a business or property resulting therefrom. The conclusory reference to the statute is not sufficient to state a legal basis for a RICO claim. See Willis, at *1 (inmate failed to establish standing where he had no allegation of business or property injury). Demouchette's claim would therefore be frivolous and otherwise fail to state a claim. Id., at *2.

---

[4] A private attorney is not a state actor. Pete v. Metcalfe, 8 F.3d 214, 216-17 (5th Cir. 1993); Dennis v. Sparks, 449 U.S. 24, 27-28 (1980); Hobbs v. Hawkins, 968 F.2d 471, 480 (5th Cir. 1992).

4

**B.     Diversity Jurisdiction**

A federal court can also have jurisdiction under 28 U.S.C. § 1332 where the parties are of diverse citizenship. Diversity jurisdiction exists when the claims in the complaint are between citizens of different states and when the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a). The law is long established that when federal jurisdiction is based on diversity of citizenship, complete diversity must exist between all adverse parties in the action. Strawbridge v. Curtiss, 7 U.S. 267 (1806); Breaux v. Dilsaver, 254 F.3d 533, 536 (5th Cir. 2001); Whitmire v. Victus Ltd., 212 F.3d 885, 887 (5th Cir. 2000).

Construed broadly, Demouchette's complaint may state certain claims under Louisiana law, including malpractice, breach of contract, and other tort liability. In the absence of any federal claim, these state law claims may be prosecuted in a federal court only if his citizenship is different from that of the defendant and his claims exceed the jurisdictional amount. The complaint does not demonstrate diversity of citizenship here.

Demouchette has not specifically pleaded his citizenship or that of the defendant. However, it is clear from the complaint that he is currently residing in the Louisiana State Penitentiary. He also indicates that Gilbert is a lawyer from Metairie, Louisiana. Where both the plaintiff and defendant are from Louisiana, the court does not have diversity jurisdiction.

Therefore, Demouchette has failed to state a basis for this Court's jurisdiction, either federal question or diversity.[5] Without a basis for federal jurisdiction, the claims in this complaint should

---

[5] The Court also has no basis to exercise its supplemental jurisdiction under 28 U.S.C. 1367 since Demouchette has not stated a federal claim. Furthermore, since any RICO claim would also be frivolous for the reasons set forth above, the Court would decline to exercise its supplemental jurisdiction. The "general rule" in the Fifth Circuit "is to decline to exercise jurisdiction over pendent state law claims when all federal claims are dismissed or otherwise eliminated from a case prior to trial." Batiste v. Island Records, Inc., 179 F.3d 217, 227 (5th Cir. 1999) (citation omitted); accord, Carnegie-Mellon University v. Cohill, 484 U.S. 343, 350 n.7 (1988) ("in

be dismissed as frivolous under § 1915 and § 1915A because the Court lacks jurisdiction. Willis, 297 Fed. Appx. at *2.

## RECOMMENDATION

For the foregoing reasons, **IT IS RECOMMENDED** that plaintiff's complaint against the defendant, Brian A. Gilbert, be **DISMISSED WITHOUT PREJUDICE** as frivolous, and otherwise for failure to state a claim for which relief can be granted, pursuant to 28 U.S.C. § 1915(e)(2)(b) and § 1915A because the Court is without jurisdiction.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. Douglass v. United Services Auto. Assoc., 79 F.3d 1415 (5th Cir. 1996)(en banc).

New Orleans, Louisiana, this 30th day of March, 2009.

*[signature: Daniel E. Knowles, III]*

**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**

---

the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine . . . will point toward declining to exercise jurisdiction over the remaining state-law claims").